UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDGAR HERNANDEZ and FREDIS ALFARO, for and on behalf of all others similarly situated,<br><br>                                  Plaintiffs,<br>-against-<br><br>NJK CONTRACTORS, INC., NICK HATZIS and KOSTAS GEORGIADIS,<br><br>                                  Defendants. | 09-cv-4812 (ARR)(RER) |

**PLAINTIFFS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION FOR ATTORNEYS' FEES AND COSTS**

VIRGINIA & AMBINDER, LLP
LaDonna M. Lusher, Esq.
Michael Bauman, Esq.
Leonor H. Coyle, Esq.
40 Broad Street, 7th Floor
New York, New York 10004
Tel:    (212) 943-9080
Fax:   (212) 943-9082

## I. PLAINTIFFS ARE ENTITLED TO REASONABLE ATTORNEYS' FEES AND COSTS

The Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") provide for recovery of reasonable attorneys' fees by successful plaintiffs. 29 U.S.C. § 216(b) (2006); NYLL §§ 198(1-a), (1-d). The FLSA and NYLL also permit recovery of out of pocket costs by successful plaintiffs. 29 U.S.C. § 216(b) (2006); NYLL § 663(1)). Plaintiffs successfully obtained a judgment against Defendants after trial and are thus entitled to reasonable attorneys' fees and costs expended as a result of litigating this action. Plaintiffs' counsel Virginia & Ambinder, LLP ("V&A") respectfully requests an award of attorneys' fees in the amount of $644,524.50 and costs in the amount of $12,701.61. [See V&A contemporaneous billing statement attached to the Declaration of LaDonna Lusher ("Lusher Dec.") as Exhibit A.]

### A. Standard For An Award Of Attorneys' Fees and Costs

The standard for awarding attorneys' fees and costs is one of reasonableness. "Determining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge." Husain v. Springer, No. 97 CV 2982 (NG) (CLP), 2013 U.S. Dist. LEXIS 37134, 15-16 (E.D.N.Y. Mar. 14, 2013) (citing Perdue v. Kenny A., 559 U.S. 542, 130 S.Ct. 1662, 1676 (2010)). "The Second Circuit has 'repeatedly rejected the notion that a fee may be reduced merely because the fee would be disproportionate to the financial interest at stake in the litigation.'" Id. (citing Kassim v. City of Schenectady, 415 F.3d 246, 252 (2d Cir. 2005)). Instead, attorneys should be compensated for time "reasonably spent on achieving the favorable outcome, even if 'the plaintiff failed to prevail on every contention.'" Id. (citing Fox v. Vice, 131 S.Ct. 2205, 2214, 180 L. Ed. 2d 45 (2011) (quoting Hensley v. Eckerhart, 461 U.S. 424, 435 (1983)); see also Torres v. Gristede's Operating Corp., 519 Fed. Appx. 1, 6 (2d Cir. N.Y. 2013) ("[t]he whole purpose of fee-shifting statutes is to generate attorneys' fees that are disproportionate to the plaintiff's

2

recovery.") (*quoting* Millea v. Metro-N. R.R. Co., 658 F.3d 154, 169 (2nd Cir. 2011) (emphasis in original)). "'Where relatively small claims can only be prosecuted through aggregate litigation, and the law relies on prosecution by 'private attorneys general', attorneys who fill the private attorney general role must be adequately compensated for their efforts.' If not, wage and hour abuses would go without remedy because attorneys would be unwilling to take on the risk." Capsolas v. Pasta Res., Inc., No. 10-cv-5595 (RLE), 2012 U.S. Dist. LEXIS 144651 (S.D.N.Y. Oct. 5, 2012) (*quoting* Reyes v. Altamarea Group, No. 10-CV-6451 (RLE), 2011 U.S. Dist. LEXIS 115984 at *7 (S.D.N.Y. Aug. 16, 2011); Sand v. Greenberg, No. 08 Civ. 7840 (PAC), 2011 U.S. Dist. LEXIS 36266, at *3 (S.D.N.Y. Mar. 22, 2011) ("But for the separate provision of legal fees, many violations of the Fair Labor Standards Act would continue unabated and uncorrected.").

### A. The Time Virginia & Ambinder Spent On This Matter is Reasonable

To date, V&A has spent almost six years litigating this case without any compensation. Litigation of this matter has in fact resulted in more than 2,442.10 hours of work by attorneys, paralegals, and accountants. Throughout this time, V&A communicated and met regularly with the Plaintiffs, served and responded to discovery, reviewed and digested Defendants' voluminous document productions, including contracts and certified payroll records, appeared for numerous court conferences, including two in person settlement conference before Magistrate Judge Mann and Judge Scanlon respectively, engaged in extensive motion practice, including a motion to compel, motion for summary judgment, and motion *in limine*, and ultimately successfully took the case to trial. V&A also spent time opposing Defendants' motion to compel and extend discovery, and motion for summary judgment.

V&A's attorneys used their experience to allocate their time well and on tasks necessary to the efficient prosecution of this case, while ensuring they were zealous advocates for the

Plaintiffs. The time was clearly well spent as Plaintiffs were successful at trial. As stated by the 2nd Circuit in Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. N.Y. 1994):

> This court declines to second guess experienced counsel in deciding whether the hours devoted to research, drafting, interviewing, and consulting were necessary. To engage in such detailed hour by hour review is to demean counsel's stature as officers of the court and I have no intention of substituting my after-the-fact judgment for that of counsel who engaged in whatever research and other activities they felt necessary.

Additionally, [i]In determining the reasonableness of the fees requested…it is especially pertinent to note here that 'in litigating a matter, an attorney is in part reacting to forces beyond the attorney's control, particularly the conduct of opposing counsel . . . .'" Linde v. Arab Bank, PLC, 04-cv-2799 (NG) (VVP), 2013 U.S. Dist. LEXIS 87040, *17 (E.D.N.Y. June 14, 2013) (plaintiffs were required to engage in far more litigation than should have been necessary due to defendants' own conduct and tactics) (*quoting* Kassim v. City of Schenectady, 415 F.3d 246, 252 (2d Cir. 2005).

For example, in this case, Plaintiffs were forced to move to compel production of documents, as Defendants initial production was incomplete and heavily redacted. Although Defendants eventually complied with this Court's order to produce additional documents, the production was wholly inadequate for the numerous projects at issue in this case, causing V&A to spend time and money issuing subpoenas to several government agencies. Moreover, the documents actually produced by Defendants were in complete disarray and with innumerable duplicates, requiring V&A to spend countless additional hours organizing the documents before they could even begin to be reviewed and analyzed, and combined with the subpoenaed documents.

Plaintiffs also spent hours of time preparing in good faith for an in-person settlement conference with Defendants' counsel, as directed by Magistrate Judge Scanlon. This conference

4

ended before it started as Defendants' counsel immediately threatened Rule 11 sanctions against V&A after referring to the Plaintiffs as "thugs" and "thieves." Defendants' own actions and oftentimes aggressive and obstructive litigation defense strategy therefore needlessly forced Plaintiffs to spend additional time litigating this action.

 V&A achieved success for our clients after a full bench trial. The Court ultimately found Defendants jointly and severally liable for damages in the amount of $418,962.03, a substantial award. Although the work Plaintiffs performed on federal projects was ultimately severed from this action on summary judgment, this only impacted Plaintiffs' damages, not their meritorious claims. Any time V&A spent solely related to Plaintiffs' work on federal projects was *de minimis*, and V&A would still be entitled to recover for this work. *See e.g. Tho Dinh Tran v. Dinh Truong Tran*, 67 Fed. Appx. 40, 42 (2d Cir. N.Y. 2003) (awarding attorneys' fees for time spent on successful claims and on RICO claims that were dismissed as time-barred because the claims "shared a 'common core of facts'") (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 435, (1983)). Moreover, Defendants waited to object to the inclusion of the federal projects until the summary judgment stage.

 Defendants exercised their rights not only to heavily litigate this action, but to see it to its conclusion after a full trial. V&A has spent almost six years on this action without any compensation. Defendants cannot now balk at the number of hours V&A was reasonably required to spend to competently litigate this matter.

 **B. Virginia & Ambinder's Hourly Rates Are Reasonable**

 V&A's hourly rates are also reasonable. "The 'presumptively reasonable fee' for an attorney's work is what a reasonable client would be willing to pay for that work." Husain, No. 97 CV 2982 (NG) (CLP), 2013 U.S. Dist. LEXIS 37134 at 16 (*quoting* Arbor Hill Concerned Citizens

5

Neighborhood Ass'n v. County of Albany and Albany County Bd. of Elections, 522 F.3d 182, 190 (2d Cir.2008). In this action, V&A billed partner Lloyd Ambinder at $525.00 per hour, partner LaDonna Lusher at $375.00 to $425.00 per hour, of-counsel Michael Bauman at $495.00 per hour, associate Leonor Coyle at $325.00 to $395.00 per hour[1], associate James Murphy at $375 to $395 per hour, associate Kara Miller at $395.00 per hour, associate Jack Newhouse at $150.00 to $200.00 per hour, associate Alison Genova at $195.00 per hour, former associate awaiting admission Laura Birnbaum at $150 per hour, in-house CPA Maria Tokarz at $225.00 per hour, and paralegals at $125.00 per hour.[2]

The vast majority of V&A's clients are low wage hourly workers without the means to pay for legal services.  Numerous courts have determined what a reasonable client would pay for V&A to represent them in a wage and hour action if such a client had sufficient means, including when challenged by opposing counsel.  *See e.g.* Perez et al. v. AC Roosevelt Food Corp. et al. (EDNY 10-cv-4824) (in contested fee application, Judge Gleeson approving hourly rates of $525.00 for partner Lloyd Ambinder, $395.00 for associate Leonor Coyle, $225.00 for account Maria Tokarz, and $125.00 for V&A paralegals); Kalloo v. Unlimited Mech. Co. of NY, 977 F. Supp. 2d 209 (E.D.N.Y. 2013) (in contested fee application after successful bench trial, Judge Gershon

---

[1] Plaintiffs' modest rate increases during the course of this litigation are well below the industry norm. *See* In Re AOL Time Warner Shareholder Derivative Legislation, No. 02 Civ. 6302 (CM), *2009 U.S. Dist. LEXIS 124372, \*59 (S.D.N.Y.* Nov. 9, 2009) ("annual hourly fee increases of $ 25 to $ 50 at the top levels have been common throughout the past decade.")

[2] See the Lusher Dec. for information about the experience of V&A's partners, associates, and paralegals.

6

approving V&A's voluntarily reduced billing rates of $495.00 for partners, $325.00 for associates, and $100.00 for paralegals); Paguay v. Barbasso, Inc., (S.D.N.Y. 11-CV-6266) (in contested fee application after successful jury trial, Judge Caproni approving $525.00 for Lloyd Ambinder, $365.00 for Leonor Coyle, $200.00 for Alison Genova, and $125.00 for paralegals "[i]n light of Virginia & Ambinder's extensive experience litigating wage and hour claims and the successful outcome achieved for their client); McBeth, et al. v. Gabrelli Truck Sales Ltd., et al. (EDNY 09-cv-4112) (Judge Wexler approving hourly rates of V&A partners at $495.00 per hour, of counsel at $425.00 per hour, associates at $325 to $395 per hour, and paralegals at $95.00 to $150.00 per hour ); Espinoza v. 953 Assocs. LLC, 280 F.R.D. 113, 130 (S.D.N.Y. 2011) (Judge Shira A. Scheindlin approving V&A partners at $550 per hour, associates including LaDonna Lusher at $395.00 per hour, and paralegals at $125.00 per hour); Garcia et al. v. The Executive Club (S.D.N.Y. 10-cv-1545) (Judge Stein approving same hourly wage rates); Sandoval et al. v. Galaxy Gen. Contr. Corp., et al., No. 10-CV-5771 (S.D.N.Y. Aug. 23, 2013) (Judge Gardephe approving same); Aparicio v. Iguana New York LTD. (SDNY 11-cv-1830) (Judge Pauley approving V&A partners at $550 per hour, associates at up to $425 per hour, and paralegals at $125 per hour); Sandoval et al. v. Galaxy Gen. Contr. Corp., et al., (S.D.N.Y. 10-CV-5771) (Judge Gardephe approving same hourly wage rates).

      That other courts in the Second Circuit have already approved similar rates is an important factor for a court to consider. See Asare v. Change Group N.Y., Inc., 2013 U.S. Dist. LEXIS 165935, 49-51 (S.D.N.Y. Nov. 15, 2013) (approving requested rates in part because other courts within the Second Circuit had approved these hourly rates). V&A's rates are also on par with other highly specialized employment attorneys. See Id. (Judge McMahon approving rates of $750 per

7

hour for partner time; $300 to $500 per hour for associates and $150 per hour for paralegal/staff time).

V&A's highly specialized employment practice and esteemed reputation in the community warrants these hourly rates. Many of the wage and hour cases litigated by V&A have resulted in seminal decisions that are routinely cited by courts throughout the country. For example, V&A represented plaintiffs in Guzman v. VLM, Inc, 2007 U.S. Dist. LEXIS 75817 (E.D.N.Y. October 11, 2007) and 2008 U.S. Dist. LEXIS 15821 (E.D.N.Y. Mar. 2, 2008). This seminal decision pertaining to collective and class certification in wage and hour cases has been cited by courts in the Second Circuit in over 75 published opinions, as well as district courts in the First, Third, Fourth, Fifth, Seventh, Eight, and Tenth Circuits. V&A has also argued other first impression cases which have had a strong influence on employment law in New York and New Jersey. *See* Cox v. Nap Construction Company, Inc., Index No. 11179/03 (Sup. Ct. N.Y. Co. 2004) (Cahn, J.), *aff'd*, 10 N.Y.3d 592 (2008); De La Cruz v. Caddell Dry Dock & Repair Co., Inc., 21 N.Y.3d 530 (2013).

Numerous courts have commented on V&A's vast experience as employment litigators, and efficient representation. *See* Dabrowski v. Abax Inc., 84 A.D.3d 633, 634, 923 N.Y.S.2d 505 (N.Y. App. Div. 2011) (observing that V&A "has demonstrated its expertise and zealous representation of the plaintiffs here, as well as in prior class action cases which have reached this court on appeal"); Morris v. Alle Processing Corp., 2013 U.S. Dist. LEXIS 64534, 34-35 (E.D.N.Y. May 6, 2013) ("With respect to the qualifications and experience of plaintiffs' counsel, Virginia and Ambinder LLP, the Court finds that they are experienced labor and employment litigators who have successfully represented employees in numerous wage and hour class and collective action lawsuits."); Garcia v. Exec. Club LLC, 2012 U.S. Dist. LEXIS 189823 (S.D.N.Y.

May 10, 2012) ("Class Counsel [V&A] have experience prosecuting and settling employment class actions, including wage and hour class actions and are well-versed in wage and hour law and in class action law."); Montenegro v. Gita Properties, LLC, Docket No.12-CV-01669 (BMC) (E.D.N.Y. Sept. 9, 2012) (Judge Cogan commending V&A for the "professional and efficient manner in which they handled the case….").[3]

V&A is highly respected by employment counsel in the New York metropolitan area and continues to receive influential decisions that help shape the wage and hour landscape. V&A's hourly rates are therefore reasonable and should be approved.

### C. V&A's Costs Are Reasonable

V&A's costs in the amount of $12,701.61 primarily consist of filing fees, service of process costs, legal research fees, costs associated with subpoenaing documents, court transcript costs, as well as substantial costs for translation services and copying for trial submissions and exhibits. [See Exhibit A for a detailed list of V&A's costs.] Such costs are routinely approved. *See e.g.* Hernandez v. P.K.L. Corp., 2013 U.S. Dist. LEXIS 130706 (E.D.N.Y. Aug. 21, 2013) (awarding costs for filing fees, postage, photocopying, and service of process).

## II. CONCLUSION

V&A spent almost six years heavily litigating this action without compensation. Trial is complex and requires extensive preparation. It was V&A's experience and skill that directly

---

[3] The Montenegro action was handled by V&A *pro bono* along with Make the Road New York. Judge Cogan noted that "plaintiff's attorneys have the special recognition of the Court for taking on this difficult matter on a *pro bono* basis. We need more lawyers like the ones I saw in this case." Id.

brought about the positive outcome for the Plaintiffs. V&A respectfully requests an award of attorneys' fees in the amount of the amount of $644,524.50 and costs in the amount of $12,701.61.

Dated: New York, New York
      June 16, 2015

                    VIRGINIA & AMBINDER, LLP

                    By:_____/s/_____
                    LaDonna M. Lusher, Esq.
                    Michael Bauman, Esq.
                    Leonor H. Coyle, Esq.
                    40 Broad Street, 7th Floor
                    New York, New York 10004
                    Tel:   (212) 943-9080
                    Fax:   (212) 943-9082