# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

---

No. 09-CV-4812 (RER)

---

EDGAR HERNANDEZ AND FREDIS ALFARO,
individually and on behalf of all others similarly situated,

Plaintiffs,

VERSUS

NJK CONTRACTORS, INC., NICK HATZIS, AND KOSTAS GEORGIADIS,

Defendants.

---

**SUMMARY ORDER**

---

**Ramon E. Reyes, Jr., U.S.M.J.:**

Before the Court is a motion for attorney's fees filed as a consequence of the Court's Findings of Fact and Conclusions of Law issued on May 1, 2015. Based on the submissions and guided by the principles of fairness and reasonableness, the Court awards Plaintiffs $438,382.25 in attorney's fees and costs.

## BACKGROUND

I presume the parties' familiarity with the facts and procedural history of this case and will not reiterate them, but for a brief history of the proceedings and post-trial submissions to frame the instant motion. Plaintiffs Edgar Hernandez ("Hernandez") and Fredis Alfaro ("Alfaro"), along with opt-in Plaintiffs José M. Agustin ("Agustin"), Nelson Melgar ("N. Melgar"), Gustavo Top ("Top"), Miguel A. Melgar ("M. Melgar"), Francisco Rafeal Cetino ("Cetino"), and Wilfredo Lazo ("Lazo") (collectively, "Plaintiffs") brought this collective action against NJK Contractors, Inc. ("NJK"), Nick Hatzis ("Hatzis"), and Kostas Georgiadis ("Georgiadis") (collectively, "Defendants") for violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 207, 216(b), New York Labor Law ("NYLL"), §§ 191, 198, 663, New York Codes, Rules and Regulations ("NYCCR") title 12, § 142-2.2, and New Jersey Statutes §§ 34:11-56a4, 34:11-56a25, 34:11-56.40 ("NJL").

On August 26, 2013 the parties consented to a trial before a magistrate judge that had not been involved in settlement discussions up

1

until that point and on September 5, 2013 the case was reassigned to me. (Order dated 8/26/2013; Dkt. No. 93.) A four-day bench trial was held before me on February 25, 26, 27, and 28, 2014. On May 1, 2015, I issued Findings of Fact and Conclusions of Law in this matter and found Defendants jointly and severally liable for $418,962.03, as well as continuously accruing prejudgment interest under New York and New Jersey law, and post-judgment interest. (Dkt. No. 121.) In the Findings of Fact and Conclusions of Law I also directed Plaintiffs to submit a motion for attorney's fees because they previously "reserve[d] the right to submit a fee application . . . ." (Dkt. No. 114 at 58.) Before the Court is Plaintiffs' motion for attorney's fees (dkt. no. 127) and Defendants' opposition to same (dkt. no. 125).

Plaintiffs seek $644,524.50 in attorney's fees and $12,701.61 in costs. (Dkt. No. 127.) Defendants request that the Court reduce the attorney's fees 50% to $322,262.25 and reduce the costs to $8699.25. (Dkt. No. 126 ("Barron Decl.") ¶ 2.) For the reasons discussed herein, the Court finds Plaintiffs are entitled to an amount of attorney's fees in-between the two requests, specifically $429,683.00, and $8699.25 in costs.

## DISCUSSION

### I. Standards

The FLSA, NYLL, and NJL allow for an award of "reasonable" attorney's fees. *See* 29 U.S.C. § 216(b); N.Y. LAB. LAW § 663(1); N.J.S.A. § 34:11-56.40. In most cases, the standard method for determining the amount of reasonable attorney's fees is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," or a "presumptively reasonable rate." *Hensley v.*

*Eckerhart*, 461 U.S. 424, 433 (1983). This calculation, known as the "lodestar," "provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Id*.

In reviewing a fee application and calculating a lodestar, the court must "examine the particular hours expended by counsel with a view to the value of the work product of the specific expenditures to the client's case." *Santillan v. Henao*, 822 F. Supp. 2d 284, 299 (E.D.N.Y. 2011). A reasonable hourly rate is "the rate a paying client would be willing to pay," "bear[ing] in mind that a reasonable paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d 182, 190 (2d Cir. 2008).

"If any expenditure of time was unreasonable, the court should exclude these hours from the calculation." *Santillan*, 822 F. Supp. 2d at 299 (citing *Hensley*, 461 U.S. at 434; *Lunday v. City of Albany*, 42 F.3d 131, 133 (2d Cir.1994)). The court should exclude "excessive, redundant or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999).

A party seeking attorney's fees bears the burden of supporting its claim of hours expended by accurate, detailed and contemporaneous time records. *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147-48 (2d Cir. 1983). These time records must be sufficiently detailed and contemporaneous, "specify[ing], for each attorney the date, the hours expended, and the nature of the work done." *King v. JCS Enters., Inc.*, 325 F. Supp. 2d

162, 166 (E.D.N.Y. 2004) (quoting *Carey*, 711 F.2d at 1148). "If such records are inadequate the Court may reduce the award accordingly." *Santillan*, 822 F. Supp. 2d at 299 (quoting *Vernon v. Port Auth. of N.Y. & N.J.*, 220 F. Supp. 2d 223, 229 (S.D.N.Y. 2002)).

## II. Analysis

### A. Attorney's Fees

#### 1. Reasonable Hours Expended

In connection with the instant motion, Plaintiffs have submitted a single, 118 page invoice by Plaintiffs' counsel's firm, Virginia & Ambinder ("V&A"), containing rates and hours for twenty-nine people, identified only by two or three letter codes, and covering nearly six years. (Dkt. No. 127-2 ("Invoice").) Plaintiffs also submit a memorandum of law, as well as a declaration from LaDonna Lusher. (Dkt. Nos. 127-1 ("Lusher Decl."); 127-3 ("Pls.' Mem. of Law").) However, what Plaintiffs fail to include is a key to the two or three letter codes on the invoice so that the Court could match the employee to the task, a summary for *each* employee totaling the hours they spent on this case, or invoices for each employee denoting the tasks and time expended. These deficiencies make it nearly impossible for the Court to properly audit Plaintiffs' application and evaluate whether the hours were reasonably expended. While Lusher's declaration provides the names of each person who worked on the case, as well as their professional background, it does not explain or match for the Court which employee is represented by which two or three letter code. (Invoice; Lusher Decl.) The Court, therefore, cannot effectively assess the reasonableness

of the hours spent on a task because the Court does not know *who* performed the task.

Even a cursory examination of V&A's invoice indicates that the hours submitted are not reasonable. For example, counsel's invoice includes no less than three entries regarding communications with "Pablo" or "Pablo Velasquez." (*See* Invoice entries dated 9/3/2013, 11/6/2014, 4/28/2015.) This person is not a plaintiff in this case and his connection to this matter has not been established. This time is not reasonable time expended by Plaintiffs' counsel in this matter. *See Callier v. Superior Bldg. Servs., Corp*., No. 09-CV-4590 (ILG) (JMA), 2010 WL 5625906, at *7 (E.D.N.Y. Dec. 22, 2010) ("A reasonable plaintiff would not likely be willing to pay for time spent by his attorney meeting with a potential plaintiff not ultimately involved in the case."), *adopted by*, 2011 WL 222458 (E.D.N.Y. Jan. 21, 2011).

Further, while Lusher's declaration acknowledges the custom in this Circuit to bill travel time at half of the regular hourly rate, the invoice does not reflect this practice. (Lusher Decl. ¶ 25; Invoice.) For example, an entry dated February 9, 2010, "LML" billed 0.50 hours for "[t]ravel to and from EDNY court conference" at a rate of $375.00 an hour, which is the same rate that "LML" also billed for preparing for and attending the court conference on that same day. (Invoice entries dated 2/9/2010.) This entry does not show billing at half of the regular hourly rate for travel. *See Pennacchio v. Powers*, No. 05-CV-985 (RRM) (RML), 2011 WL 2945825, at *1 (E.D.N.Y. July 21, 2011) ("it is customary in this circuit to reduce attorney's fees by fifty percent for travel time"); *see generally Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 151 (2d Cir. 2008) (upholding fee award that included travel time calculated at

half usual hourly rate); *Bridges v. Eastman Kodak Co.*, 102 F.3d 56, 59 n.2 (2d Cir. 1996) (holding district court properly reduced fee award in part to reflect travel time).

V&A's invoice also includes instances where travel time was not only billed at the regular hourly rate, but was also lumped in with a string of tasks in the entry's description. One such entry is that dated February 13, 2014, whereby "MB" billed seven hours at $495.00 an hour to "Attended office conference with witnesses, travel to and from court for pretrial conference, prepare trial examination, exhibits." (Invoice entry dated 2/13/2014.) From this entry the Court cannot discern how much time was spent traveling or whether the time was reasonable. At the least, this travel time appears to have been billed at the regular rate, which is, again, contrary to the practice in this Circuit. *See Manti's Transp. v. Kenner*, No. 13-CV-6546 (SJF) (AYS), 2015 WL 1915004, at *12 (E.D.N.Y. Apr. 27, 2015) ("it cannot be determined which part of the four and four-tenths (4.4 hours) billed at the full hourly rate were for travel time, which should be compensated at 50% of [counsel's] reasonable hourly rate").

Furthermore, V&A's invoice reflects many instances of "block billing." "Block billing" is "the practice of aggregating multiple tasks into one billing entry . . . ." *Id.* at *11 (quoting *Barclays Capital Inc. v. Theflyonthewall.com*, No. 06 Civ. 4908 (DLC), 2010 WL 2640095, at *4 (S.D.N.Y. Jun. 30, 2010)). One such entry dated February 20, 2014 for "MB" states "[d]rafted defendants examination, damages examination, Plaintiffs' examination, attend pretrial conference with MJ Reyes and opposing counsel, prepare IG for testimony." (Invoice entry dated 2/20/2014.) This was a single time entry, to which MB billed 7.50 hours at $495.00 per hour. (*Id.*) "Where billing records include a large number of block-billed entries and there is an issue as to the reasonableness of the number of hours counsel spent on the matter, an across-the-board reduction in billing hours is appropriate." *Linde v. Arab Bank, PLC*, 293 F.R.D. 138, 142-43 (E.D.N.Y. 2013).

## 2. Reasonable Hourly Rate

In order to arrive at the reasonable hourly rate, which is the "rate a paying client would be willing to pay," *Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d at 190, courts look to the rates "prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation," *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). The courts apply a presumption utilizing the prevailing rates in the forum where the court sits. *Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 175 (2d Cir. 2009). The courts receive guidance from (1) rates awarded in prior cases; (2) its own knowledge of hourly rates charged in the district; and (3) evidence submitted by the parties. *See Farbotko v. Clinton Cnty. of N.Y.*, 433 F.3d 204, 209 (2d Cir. 2005) (citations omitted). "[T]he nature of representation and type of work involved in a case are critical ingredients in determining the 'reasonable' hourly rate." *Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d at 184 n.2.

"[I]n order to provide adequate compensation where the services were performed many years before the award is made, the rates used by the court . . . should be 'current rather than historic hourly rates.'" *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998) (quoting *Missouri v. Jenkins*, 491 U.S. 274, 284 (1989)). Current rates, rather

than historic rates, are used in an effort to "compensate [the attorney] for the delay in payment" of fees. *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 764 (2d Cir. 1998).

> It is now well established, and should remain so unless there is a significant change in the market for legal services in this area, that [t]he prevailing hourly rate for partners in this district range[s] from $300.00 to $400.00, and a reasonable hourly rate for a senior associate ranges from $200 to $300. Junior associates generally command $100 to $150 dollars per hour.

*Hui Luo v. L & S Acupuncture, P.C.*, No. 14-CV-1003 (BMC), 15 WL 1954468, at *2 (E.D.N.Y. Apr. 29, 2015) (citations omitted). Additionally, the prevailing hourly rate in this District for paralegals assisting with wage-and-hour cases is $75.00 per hour. *Fermin v. Las Delicias Peruanas Rest., Inc.*, No. 14-CV-559 (RRM) (VMS), 2015 WL 1285960, at *28 (E.D.N.Y. Mar. 19, 2015).

The individual hourly rates Plaintiffs seek are as follows: $525.00 for Founding Partner Lloyd Ambinder; $495.00 for Of Counsel Michael Bauman; $375.00 to $395.00 for Lusher as an Associate and $425.00 as a Partner; $350.00 to $395.00 for Associate Leonor Coyle; $375.00 to $395.00 for Senior Associate James Murphy; $395.00 for Associate Kara Miller; $150.00 for Jack Newhouse as a paralegal and $200.00 after obtaining his law degree; $195.00 for Associate Alison Genova; $225.00 for Forensic Accountant Maria Tokarz; $125.00 for Paralegals Richard Epstein, Ines Cruz, and Izabela Gardocka; and $100.00 to $125.00 for current and former paralegals Yeskenia Polanco, Konstancja Maleszyńska, Iwona Ner, Marta Nadgorska, Eric Jagielski, Eugene

Ubawike, Venus Valez, Marissa Levy, Magdalena Kalinowska, Amanda Saw, Veronika Nelson, Eddy Rodriquez, Anuradha Golder, Sumana Ramakrishnan, and Eddy Chan. (Lusher Decl. ¶¶ 8-21, 23-24.) It should be noted that Plaintiffs seek to be compensated for Laura Birnbaum, a former associate who was admitted in 2013, but fail to provide the Court with a requested hourly rate. (*Id.* ¶ 22.)

The rates sought by V&A are significantly higher than hourly rates commonly awarded by judges in this district—including rates awarded to some of the very same employees at V&A. *See, e.g.*, *Gonzales v. Gan Israel Pre-Sch.*, No. 12-CV-6304 (MKB), 2014 WL 1011070, at *18 (E.D.N.Y. Mar. 14, 2014) (finding Ambinder's rate of $525.00 "too high for this district"); *Huerta v. Bakery*, No. 10-CV-4754 (RJD) (JO), 2012 WL 1100647, at *15 (E.D.N.Y. Feb. 17) (awarding Coyle $125.00 per hour, Lusher $200.00 per hour, and Ambinder $290.00 per hour), *accepted in relevant part sub nom. by*, *Huerta v. Victoria Bakery*, 2012 WL 1107655 (E.D.N.Y. Mar. 30, 2012); *Ferrara v. CMR Contracting LLC*, 848 F. Supp. 2d 304, 314 (E.D.N.Y. 2012) (finding $90.00 hourly rate for paralegal work "excessive" and reducing it to $75.00). Plaintiffs' requested rates are, therefore, not reasonable.

The Supreme Court has established that while the fee applicant must "submit the appropriate documentation to meet the burden of establishing entitlement to an award," courts should not become "green-eyeshade accountants" and be expected to "achieve auditing perfection." *Fox v. Vice*, 131 S. Ct. 2205, 2216 (2011). Since it is sometimes "unrealistic to expect a trial judge to evaluate and rule on every entry in an application," a court may exercise its discretion and apply an

"across-the-board" percentage cut. "as a practical means of trimming fat from a fee application." *Carey*, 711 F.2d at 1146; *see also McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006). The Second Circuit has stated that the district court is not required to "set forth item-by-item findings concerning what may be countless objections to individual billing items." *Lundav*, 42 F.3d at 134; *see also Daiwa Special Asset Corp. v. Desnick*, No. 00 CV 3856, 2002 WL 31767817, at *5 (S.D.N.Y. Dec. 3, 2002) (reducing fee award by 50% due in part to excessive billing). In light of the above, an across-the-board reduction is appropriate. Accordingly, I find that the attorney's fees sought by Plaintiffs should be reduced by one-third, to \$429,683.00. *See Vazquez v. Ranieri Cheese Corp.*, 2011 WL 554695, at *3 (E.D.N.Y. Feb.7, 2011) (noting that "Court has the discretion to reduce an unreasonable fee by a fixed percentage rather than attempt line-by-line reductions" (citing cases)); *see also Mejia v. E. Manor USA Inc.*, No. 10-Civ.-4313 (NG), 2013 WL 3023505, at *9 (E.D.N.Y. Apr. 19) (recommending attorney's fees be reduced by one-third), *adopted by*, 2013 WL 2152176 (May 17, 2013).

## B. Costs and Fees

Plaintiffs also seek to recover \$12,701.61 in litigation costs and fees. (Invoice.) Plaintiffs fail to itemize these costs, but generally refers to them in their memorandum of law. (Pls.' Mem. of Law at 9.) A review of the invoice reveals the following categories of costs: court fees, mailing costs, service of process costs, Westlaw and LexisNexis research fees, PACER fees, client meals, transcript fees, transportation costs, and interpretation costs. (Invoice.) Plaintiffs

submit no receipts or supporting evidence for any of the costs and fees they seek to recover.

Defendants ask the Court to only award Plaintiffs \$8699.25 in costs and fees. (Dkt. No. 125 ("Defs.'s Mem. of Law") at 30.) They appear to concede this amount of costs and fees and only challenge \$229.16 in Westlaw and LexisNexis fees, \$3750.00 in translation costs, and \$23.20 in client meals. (*Id.* at 29-30.) As to these three items, I agree, Plaintiffs are not entitled to recovery for the reasons set forth below.

A prevailing plaintiff in an action under the FLSA, NYLL, and NJL is entitled to recover costs from the defendant. *See* 29 U.S.C. § 216(b); N.Y. LAB. LAW § 663(1); N.J.S.A. § 34:11-56.40. "Costs relating to filing fees, process servers, postage, and photocopying are ordinarily recoverable." *Teamsters Local 814 Welfare Fund v. Dahill Moving & Storage Co.*, 545 F. Supp. 2d 260, 269 (E.D.N.Y. 2008) (citing *Tips Exports, Inc. v. Music Mahal, Inc.*, No. 01-CV-5412 (SJF) (VVP), 2007 WL 952036, at *11 (E.D.N.Y. Mar. 27, 2007)).

Turning first to Plaintiffs' request for Westlaw and LexisNexis research fees, "courts in the Eastern District of New York have not permitted recovery of these costs, following *U.S. ex rel. Use & Benefit of Evergreen Pipeline Constr. Co., Inc. v. Merritt Meridian Constr. Corp.*, 95 F.3d 153, 173 (2d Cir. 1996)." *Korval v.. Andy Constr., Inc.*, No. 05-CV-576 (SMG), 2008 WL 4426996, at *4 (E.D.N.Y. Sept. 25, 2008) (citing *King*, 325 F. Supp. 2d at 171-72). Accordingly, Plaintiffs are denied recovery for legal research fees as such research "is merely a substitute for an attorney's time that is compensable under an application for attorneys' fees and is not a separately taxable

cost." *U.S. ex rel. Use & Benefit of Evergreen Pipeline Constr. Co., Inc.*, 95 F.3d at 173.

Turning next to Plaintiffs' request for $3750.00 in interpretation costs. Interpretation services are a recoverable cost. *See LeBlanc-Sternberg*, 143 F.3d at 763 ("awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients."); *Tacuri v. Nithin Constr. Co.*, No. 14-CV-2908 (CBA) (RER), 2015 WL 790060, at *15 (E.D.N.Y. Feb. 24, 2015); *see also Janus v. Regalis Const., Inc.*, No. 11-CV-5788 (ARR) (WP), 2012 WL 3878113, at *13 (E.D.N.Y. Jul. 23) (awarding interpretation costs), *adopted by*, 2012 WL 3877963 (E.D.N.Y. Sept.4, 2012); *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 515 (S.D.N.Y. 2011) (awarding costs of interpreters who translated at depositions and court conferences in FLSA action). Plaintiffs, however, have failed to submit any documentation or invoice of these costs outside of V&A's invoice. (*See* Invoice.) The Court will not award Plaintiffs this unsubstantiated cost. *See Tacuri*, 2015 WL 790060, at *15. *Cf. Gonsalez v. Marin*, No. 12-CV-1157 (ENV) (RML), 2014 WL 2514704, at *7 (E.D.N.Y. Apr. 25), *adopted by*, 2014 WL 2526918 (E.D.N.Y. Jun.4, 2014) (awarding costs for interpretation services where supported by invoices).

Finally, Plaintiffs request $23.20 for a client meal, specifically "Trial Prep Breakfast w/ clients." (Invoice entry dated 2/24/2015.) "Non-taxable costs also . . . shifted to the losing party . . .where a statute provides for the shifting of attorneys' fees, as long as these costs are '[i]dentifiable, out-of-pocket expenses,' as opposed to 'non-recoverable routine office overhead, which must normally be absorbed within the attorney's hourly

rate.'" *Cho v. Koam Med. Serv.*, 524 F. Supp. 2d 202, 212 (E.D.N.Y. Nov. 30, 2007) (quoting *Kuzma v. I.R.S.*, 821 F.2d 930, 933-34 (2d Cir. 1987) (citing *Nam Yang v. ACBL Corp.*, No. 04 Civ. 8987 (LBS), 2006 WL 435720, at *4 (S.D.N.Y. Feb. 22, 2006)). In this District meals have been held to be unrecoverable routine office overhead. *Barkley v. United Homes, LLC*, Nos. 04-CV-875 (KAM) (RLM), 05-CV-187 (KAM) (RLM), 05-CV-4386 (KAM) (RLM), 05-CV-5302 (KAM) (RLM), 05-CV-5362 (KAM) (RLM), 05-CV-5679 (KAM)(RLM), 2012 WL 3095526, at *12 (E.D.N.Y. Jul. 30, 2012); *see also Brown v. Green 317 Madison, LLC*, No. 11-CV-4466 (ENV) (CLP), 2014 WL 1237448, at *14 (E.D.N.Y. Feb. 4) (denying recovery of meals), *adopted by*, 2014 WL 1237127 (Mar. 25, 2014). Without argument by Plaintiffs as to why this expense does not qualify as routine office overhead, I decline to award Plaintiffs the meal cost. I, therefore, agree with Defendants and award Plaintiffs $8699.25 in costs and fees.

## CONCLUSION

For the reasons contained herein, the Court hereby finds Defendants Nick Hatzis, Kostas Georgiadis, and NJK Contractors, Inc. jointly and severally liable for $429,683.00 in attorney's fees and $8699.25 in costs and fees.

Dated:       September 3, 2015
           Brooklyn, New York

**SO ORDERED.**

*Ramon E. Reyes, Jr.*
Ramon E. Reyes, Jr.
U.S. Magistrate Judge

7